**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK DUFFEY,                     )     CASE NO. CV 10-06426 RZ
                                    )
                    Plaintiff,      )
                                    )     MEMORANDUM OPINION
         vs.                        )     AND ORDER
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
                    Defendant.      )
_____)

         An Administrative Law Judge, acting as the Social Security Commissioner's
delegate, has an obligation to develop the record further when the evidence is ambiguous.
*Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The regulations empower him
to have an updated consulting examination or to contact the treating physician for further
information, as appropriate.  20 C.F.R. §§ 404.1512(e) and (f); 416.912(e) and (f).  An
administrative law judge also can appoint a medical advisor as necessary.  Because
additional evidence was needed here to resolve an important ambiguity, the matter must
be remanded for further proceedings.

         Among other impairments, Plaintiff Patrick Duffey suffers from depression
with memory impairment.  [AR 13, Finding No. 3]  A consulting psychologist, Dr. Ahmad
Riahinejad, administered the Wechsler Memory Scale-3rd Edition test and, in the Auditory
immediate index, scored Plaintiff with a raw score of 89, which placed Plaintiff in the 23rd

percentile. [AR 229] The vocational expert David Rinehart testified that if a person were functioning in the 23rd percentile of the population in the area of "auditory, immediate memory" he would not be able to perform the work of a telephone quotation clerk, parimutuel ticket checker or addresser. Nevertheless, these are the jobs that the Administrative Law Judge found Plaintiff was qualified to hold. [AR 18]

Despite the testimony of the vocational expert, however, it is not entirely clear what the results of the testing mean. Clearly they mean that more than seventy-five percent of the population would score higher on the particular index in the test, but they tell us nothing more than that. They do not tell us what that means in terms of Plaintiff's ability to retain or recall information from auditory sources, nor what it means that, despite that score, Plaintiff's score on the "immediate memory" index placed him in the 39th percentile of the population, not the 23rd. The psychologist did, however, give his summary diagnostic impressions that Plaintiff "is currently able to understand, remember and carry out simple and complex instructions with minimal difficulty." [AR 230]

Thus, the record is left in a state of ambiguity. Arguably, the vocational expert testified beyond his expertise in answering the question as to whether a person in the 23rd percentile "in terms of auditory, immediate memory" could perform the work of a telephone quotation clerk, parimutuel ticket checker or addresser. [AR 39] But perhaps not. We will not know until someone with expertise in testing explains what the results of the testing mean.

Accordingly, the matter is remanded to the Commissioner for further proceedings. On remand, the Administrative Law Judge shall take steps consistent with this opinion in order to resolve the ambiguity.

IT IS SO ORDERED.

DATED:  September 14, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE